DAVID ASHER ET AL. *v.* WILLIAM McCARTY.    ·

[Abstract Kentucky Law Reporter, Vol. 2—218.]

**Suit to Quiet Title and for Possession.**                    .

> The naked possession of real estate is sufficient upon which to
> base a recovery against one not showing a better title in himself.
> One entering upon land in the possession of another can not defend
> such entry on the ground that the person in possession had no title
> to the land or right to its possession unless he has a better right
> himself.  He must sustain his entry by the strength of his own and
> not by the weakness of his adversary's title.

APPEAL FROM LAUREL CIRCUIT COURT.

February 5, 1881.

OPINION BY JUDGE HARGIS:

The surveyor's report, filed the second day of the August term,
1876, and signed by J. R. Brown, seems to be the most satisfactory
ascertainment of the line of the George Thompson survey of 19,250
acres patented November 8, 1789.  The blue line from "N" to "S"
must be regarded and treated as the George Thompson line, as far
as the parties to this action are concerned.  This line, so located,
divides the 34 acres in controversy into equal parts.  While the
Thompson patent does not cover the whole of the 34 acres, still the
question presented by the answer is not vital to the cause of action
set forth in the petition.

It is alleged, in substance, that plaintiff, David Asher, under
authority of the former, was in possession of the land in controversy
when the defendant, McCarty, unlawfully entered and took pos-
session of the land and cut and destroyed a quantity of timber there-
on.  The defendant answered and denied that David was the owner,

or that it belonged to his vendor, or that the latter had any legal authority to sell it to. David Asher, and denies that the plaintiffs were entitled to the possession of the land.

It will be seen that this answer does not deny that the plaintiffs were in actual possession of the land, or that the defendant entered and ousted their possession. But the legal effect of the answer is that the plaintiffs and their vendor had no legal title to the land; and, while the former were in actual possession of the land, they were not entitled to that possession, and therefore the defendant had the right to enter. If the plaintiffs had no other title than that based on the naked possession, it was sufficient to recover in this action from the defendant unless he showed a better title in himself or those from whom he claims. He can not defend his entry upon the land on the ground that the plaintiff had no title to the land or right to its possession, unless their want of right resulted from the fact that he had a better right than theirs and this he must show by pleading as well as proof. He must sustain his entry, by the strength of his own and not by the weakness of his adversary's title, in whom he has admitted possession at the time of his entry.

Having determined the locality of the George Thompson line, in order to have the settlement of this controversy on its merits, we are of opinion that the defendant, on the return of the cause, should be allowed to amend his answer if he can truthfully do so, and set forth any title he may have superior to that of plaintiffs, as this is an action for possession and to quiet title.

Wherefore the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

*R. L. Ewel, G. Pearl, for appellants.*

*C. B. Farris, for appellee.*